# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

United States of America,
    Plaintiff

vs

Kirk A. Jackson,
aka Firk A. Jackson,
    Defendant

Case No. C-1-07-359
(Beckwith, J.; Hogan, M. J.)

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff United States of America's Motion for Entry of Default Judgment (Doc. 6).

Plaintiff initiated this action with the filing of a complaint on May 7, 2007. (Doc. 1). On May 9, 2007, Defendant waived service of summons in the present action. (Doc. 3). As a result of the waiver of service, Defendant was required to file his Answer or otherwise plead in response to Plaintiff's Complaint by July 9, 2007. Nevertheless, Defendant has failed to answer, move, or otherwise plead in response to Plaintiff's Complaint. On July 11, 2007, Plaintiff filed an Application for Entry of Default. (Doc. 4). Thereafter, on July 23, 2007, an Entry of Default was entered against Defendant by the Clerk of Court pursuant to Fed. R. Civ. P. 55(a). (Doc. 5). Plaintiff has filed a Motion for Default Judgment requesting a judgment award of $14,087.42 ($4,925.91 principal and $9,161.51 interest) through March 9, 2007, in addition to the $350.00 in costs for this action. (*See* Doc. 6, Affidavit of Deborah F. Sanders, attached).

The procedure governing the entry of default and default judgment is set forth in Fed. R. Civ. P. 55, which provides in pertinent part:

a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

(b) Judgment. Judgment by default may be entered as follows: (1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and if he is not an infant or incompetent person. (2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

While default judgments may generally be disfavored when compared with the Court's interest in resolving a case on the merits, "[d]efault procedures, of course, provide a useful remedy when a litigant is confronted by an obstructionist adversary." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). *See also D'Orange v. Feely*, 101 F.3d 1393 (unpubl.), 1996 WL 446254, at *2-4 (2d Cir. Aug. 8, 1996)(district court's entry of default judgment after hearing on amount of damages upheld where Defendant attorney failed to timely answer, failed to cooperate in discovery and failed to attend hearing on motion for default judgment); *Comdyne I, Inc. v Corbin*, 908 F.2d 1142, 1146-47(3d Cir. 1990)(district court's entry of

default judgment upheld on appeal where Defendant failed to answer amended complaint, repeatedly failed to comply with court's discovery orders and orders imposing sanctions, and failed to participate in hearing on appropriate amount of damages after default judgment was granted as to liability).

After a default or default judgment has been entered, Fed. R. Civ. P. 55(c) grants the litigant the right to petition the Court to set aside either the default or the judgment. The decision whether to set aside an entry of default or default judgment is within the Court's discretion. *INVST Financial group v. Chem-Nuclear Systems*, 815 F.2d 391, 398 (6th Cir. 1987); *Johnson v. City of Detroit*, 892 F.2d 79 (unpubl.), 1989 WL 153550, at *2 (6th Cir. Dec. 20, 1989); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). The Court's exercise of its discretion should be based on its assessment of the circumstances and facts of the case and the credibility and good faith of the parties. *Enron*, 10 F.3d at 95. An entry of default may be set aside for good cause shown whereas a default judgment may be set aside only as provided for in Fed. R. Civ. P. 60(b). Fed. R. Civ. P. 55(c). In addition, the Court must consider three factors in determining whether to set aside the default entry or judgment under either Fed. R. Civ. P. 55 or 60: (1) whether the Plaintiff will be prejudiced; (2) whether the Defendant has a meritorious defense; and (3) whether culpable conduct of the Defendant led to the default. *INVST*, 815 F.2d at 398; *Shepard Claims Service, Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 192.

In the present case, it appears that Plaintiff's Motion for Default Judgment under Fed. R. Civ. P. 55(b)(1), which seeks a sum certain plus costs, is well-taken. Plaintiff's motion makes clear that Plaintiff's claim against Defendant is for a sum certain, based upon the promissory notes executed and delivered by Defendant. (*See* Doc. 1, Ex. 1; Doc. 5, Sanders Affidavit, attached). Plaintiff has filed an affidavit setting forth the amount due as required by Rule 55(b)(1), and has demonstrated that defendants are neither an infant or incompetent person. (Doc. 5, Sanders Affidavit, attached). Thus, the Clerk should be ordered to enter judgment for Defendant.

3

## IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(1) be **GRANTED** and Plaintiff be awarded judgment in the amount of $14,087.42 ($4,925.91 principal and $9,161.51 interest) plus $350.00 in costs.

The Clerk of Courts is directed to send a copy of this Report and Recommendation to the Defendant by certified mail.

Date: 8/20/07

Timothy S. Hogan
United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FIFTEEN (15) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

4

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☐ Agent<br>☐ Addressee |
| | B. Received by (Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Kirk A. Jackson<br>5489 Kirkwood Dr.<br>Concord, CA 94521 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes | |
| 2. Article Number<br>(Transfer from service label) | 7002 0860 0000 1409 6243 | |
| PS Form 3811, August 2001 | Domestic Return Receipt | 102595-02-M-1540 |

1:07cv359 Doc. 7